UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAEL TECHNOLOGIES (PVT.), LTD.,
                                  Plaintiff,      :      Civil Action No.
                                                    :      13-CV-1470 (LDW)(GRB)
  v.
                                                    :
PRECISE VOTING, LLC, PRECISE
VOTING, LLC, VOTRITE, LLC,                    :

                                 Defendants.   :
------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FUTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) BY DEFENDANTS PRECISE VOTING, LLC, <u>PRECISE VOTING, LLC AND VOTRITE, LLC</u>**


Barry M. Krivisky
LAW OFFICE OF BARRY RIVISKY
400 Garden City Plaza, Suite 300
Garden City, New York 11530

Counsel for Defendants
Precise Voting, LLC., Precise Voting,
LLC, Votrite, LLC.

Dated: January 13, 2013


## TABLE OF CONTENTS

                                                  Page

**ARGUMENT**................................................................................... 1

I.     THE APPLICABLE STATUTE OF LIMITATIONS BARS ALL OF PLAINTIFF'S FEDERAL COPYRIGHT INFRINGEMENT CLAIMS RELATING TO ITS ALLEGED COPYRIGHT IN VOTING SYSTEMS SOFTWARE PRIOR TO MARCH 20, 2010...................... 1

        A.     The Injury Rule Applies To Copyright Infringement Claims..........1

        B.     Under The Discovery Rule, Plaintiff's Cause of Action Is Still Time Barred……………………………………………......6

        C.     Laches………………………………………………………….… 8

CONCLUSION……………………………………………………………....9

## TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE**

1. *Amy v. Watertown*,
   130 U.S. 320, 324, 9 S. Ct. 537, 32, L. Ed. 953 (1889)..............................................6

2. *Auscape International v. National Geographic Society*,
   409 F. Supp. 2d 235 (S.D.N.Y. 2004)................................................1,2,3,4,5,6

3. *Broadvision Inc. v. Gen Elec. Co.*,
   No. 08 Civ. 1478 (WP) 2009 WL 1392059 (S.D.N.Y. May 5, 2009)..........................2

4. *CA Inc. v. Rocket Software, Inc.*,
   579 F. Supp. 2d 355 (E.D.N.Y. 2008)..................................................2,3

5. *Danjaq LLC v. Sony Corp.*, 263 F. 3d 942 (9th Cir. 2001)..........................................................................8

6. *Gabelli v. S.E.C.*,
   ____U.S.____, 133 S. Ct. 1216 (2013).............................................................6

7. *Gaiman v. McFarlane*,
   360 F. 3d 644 (7th Cir. 2004).........................................................................7

8. *Graham v. Haughey*,
   568 F. 3d 425 (3rd Cir. 2009)..........................................................1,2,3,4,

9. *Harris v. Simon & Schuster, Inc.*,
   646 F. Supp. 2d 622 (S.D.N.Y. 2009)..........................................................2

10. *Lotus v. Borland*,
    831 F. Supp. 202 (D. Mass 1993).............................................................7

11. *Mackie v. Hipple*,
    96 U.S.P.Q. 2d 1932 (WD Wash 2010)......................................................8

12. *McMahon v. United States*,
    342 U.S. 25 (1951)...........................................................................4,6

13. *Med. Educ. Dev. Servs., Inc. v. Reed Elsevier Grp., PLC*,
    No. 05 Civ. 8665 (GELI), 2008 WL 4449412 (S.D.N.Y. Sept. 30, 2008).................2

14. *Merchant v. Levy*, 92 F. 3d 51 (2d Cir. 1996)..................................................1,4

15. *Muench Photography, Inc. v. Houghton Mifflin Hardcourt Publ'g. Co.,*
    No. 09 Civ. 2669 (LAP) 2013, 2013 WL 4464002 (S.D.N.Y. August 21, 2013)............2

16. *Newsome v. Brown,*
    No. 01 Civ. 2807 (TPG), 2005 WL 627639 (S.D.N.Y. 2005)……………………………..3

17. *Psihoyos v. John Wiley & Sons, Inc.,*
    No. 11 Civ. 1416 (JSR), 2011 Wl 4916299 (S.D.N.Y. Oct. 14, 2011)…………………....3

18. *Roberts v. Keith,*
    No. 04 Civ. 10079 (CSH), 2006 Wl 547252 (S.D.N.Y. Mar. 7, 2006)…………………...3

19. *Rosner v. Codata Court*
    917 F. Supp. 1009 (S.D.N.Y. 1996)……………………………………………………6,8

20. *S.E.C. v. Gabelli,* 653 F. 3d 49 (2d Cir.
    2011)………………………………………..……………………………………..6

21. *Stone v. Williams,*
    970 F.2d 1043 (2d Cir. 1992)…………………………………………………...1,3,4

22. *TufAmerica, Inc. v. Diamond,*
    12 Civ. 3529 (AJN) (S.D.N.Y. Sept. 10, 2013)……………………………………..2

23. *TRW Inc. v. Andrews,*
    534 U.S. 19 (2001)…………………………………………………………...2,3,4,6

24. *United States v. Kubrik,*
    444 U.S. 11 (1979)……………………………………………………………….6

25. *Urbont v. Sony Music Entm't.,*
    863 F. Supp. 2d 279 (S.D.N.Y. 2012)……………………...……………………3,4

26. *Vasquez v. Torres-Negron*
    No. 06 Civ. 619 (CM), 2007 Wl 2244784 (S.D.N.Y. July 11, 2007)…………………..3

27. *Zalewski v. T.P. Builders, Inc.,*
    No. 1:10-cv-876 (GLS/RFT) (N.D.N.Y. 2011)……………………………………….1,2

## ARGUMENT

I. **THE APPLICABLE STATUTE OF LIMITATIONS BARS ALL OF PLAINTIFF'S FEDERAL COPYRIGHT INFRINGEMENT CLAIMS RELATING TO ITS ALLEGED COPYRIGHT IN VOTING SYSTEMS SOFTWARE PRIOR TO MARCH 20, 2010.**

### A. The Injury Rule Applies To Copyright Infringement Claims

Contrary to Plaintiff's claims, the Second Circuit has not applied the discovery rule to copyright infringement claims. Plaintiff asserts that it is well established Second Circuit precedent to apply the discovery rule in copyright infringement actions. Pl.'s Br. 7. Plaintiff, however, bases its claims on two Second Circuit cases involving declarations of ownership of copyright, Pl.'s Br. 7, and the Third Circuit decision in William A. Graham Co. v. Haughey, 568 F. 3d 425(3rd Cir. 209), as well as the lone District Court decision in the Second Circuit by Magistrate Judge Sharp in Zalewski v. T.P. Builders, Inc., No. 1:10-cv-876 at *6-7(GLS/RFT)(N.D.N.Y 2011). Plaintiff, however, conveniently ignores the fact that by far, most of the District Courts in the Second Circuit apply the injury rule since Judge Kaplan's decision in Auscape International v. National Geographic Society, 409 F. Supp. 2d 235 (S.D.N.Y. 2004). Perhaps most important, is the fact that Merchant v. Levy, a Second Circuit case involving a copyright ownership claim itself made clear that, like Stone v. Williams, 970 F.2d 1043 (2d Cir. 1992) it was **not** resolving the issue of copyright infringement, but rather copyright ownership.

> We note that Plaintiff's cause of action is not based on copyright infringement, a point Plaintiff's do not contest on appeal. Our holding here does not disturb our previous rulings that a copyright owner's suit for infringement is timely of instituted within three years of each infringing act for which relief is sought, but recovery is barred for infringing acts occurring more than three years prior to suit.

Merchant v. Levy, 92 F. 3d 51, 57 n. 8 (2d Cir. 1996)

The majority of Circuit Courts of Appeal that have decided this issue, and in particular, the Graham court relied on by Plaintiff, fail to appreciate that the Second Circuit has consistently treated ownership claims and infringement claims differently applying the discovery rule to ownership claims and the injury rule to infringement claims. This is especially so since Judge Kaplan's decision in Auscape. While the Supreme Court of the United States has not spoken on this issue to resolve the disagreement, its decision in TRW Inc. v. Andrews, 534 U.S. 19 (2001), was relied on heavily by Judge Kaplan in his decision in Auscape, and has been at least referred to (sometimes incorrectly) by several of the Circuit Courts of Appeal, and most prominently, in Graham.

The decision of Magistrate Judge Sharp in Zalewski applying the discovery rule in a copyright infringement action is the exception and the outlier. As Judge Nathan held in the September 10, 2013 decision in TufAmerica v. Diamond, "Since Auscape, a growing majority of the Courts in the Southern District of New York to address this question [claim accrual under 17 U.S.C. Section 507(b)] have followed Judge Kaplan's lead) [in Auscape] and applied the injury rule to infringement claims. TufAmerica, Inc. v. Michael Diamond, et al, 12 Civ. 3529 (AJN) (S.D.N.Y. 2013) citing Muench Photography, Inc. v. Houghton Mifflin Hardcourt Publ'g Co., No. 09civ. 2669 (LAP), 2013 WL 4464002 at *6 (Preska, J.) (S.D.N.Y. August 21, 2013) Urbont v. Sony Music Entm't, 863 F. Supp. 2d 279, 282 (S.D.N.Y. 2012) (Buchwald, J), Harris v. Simon & Schuster, Inc., 646 F. Supp 2d 622, 630 (S.D.N.Y. 2009) (Sweet, J); Broadvision Inc., v. Gen. Elec. Co., No. 08 Civ. 1478 (WP), 2009 Wl 1392059, at *6 (S.D.N.Y. May 5, 2009); Med. Educ. Dev. Servs., Inc. v. Reed Elsevier Grp., PLC, No. 05 Civ. 8665 (GEL1), 2008 Wl 4449412 at *10 (S.D.N.Y. Sept. 30, 2008); CA Inc., v. Rocket

2

Software, Inc. 579 F. Supp 2d 355, 360 (E.D.N.Y. 2008) Spatt, *J.*,; Vasquez v. Torres-Negron, No. 06 Civ. 619 (CM), 2007 Wl 2244784, at *7(S.D.N.Y. July 11, 2007); Roberts v. Keith, No. 04 Civ. 10079 (CSH) 2006 Wl 547252, at *3 (S.D.N.Y. March 7, 2006) but see, e.g. Psihoyos v. John Wiley & Sons, Inc., No. 11 Civ. 1416 (JSR), 2011 Wl 4916299, at *5 (S.D.N.Y. Oct. 14, 2011) (that TRW did not change the holding in Stone) and Newsome v. Brown No. 01 Civ. 2807 (TPG), 2005 Wl 627639 at *5 (S.D.N.Y. Mar. 16, 2005)

Not only have the majority of district courts in the Second Circuit adopted Judge Kaplan's analysis in Auscape, but the leading treatise on copyrights has cited it with approval:

> Although only a District Court opinion, Auscape is the best articulation to date of how to compute the Copyright Act's statute of limitations. It is submitted that even courts and circuits which articulated the discovery rule before the Supreme Court's decision in TRW, Inc. v. Andrews should now follow Auscape's instruction of that authority to adopt the injury rule.

3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT Section 12.05 [B] [2] [b] (2011).

While there are cases within the Second Circuit that apply the discovery rule and the discovery rule has remained the consensus approach of courts outside the Second Circuit, Urbont, 863 F. Supp 2d at 282 [citing Graham, at 437 (3d cir. 2007)], as Judge Buchwald stated in Urbont, "[w]e find the arguments advanced in favor of the injury rule to be persuasive and thus follow the majority approach within this jurisdiction." Urbont at 282.

3

Courts have made much of the difference between the use of the word arose in Section 507(a) which deals with criminal infringement actions and the use of the word accrued in section 507(b) for civil infringement actions. Graham, at 434-435, citing McMahon v. United States, 342 U.S. 25-26, 27 (1951). Judge Buchwald, however, recently rejected the Graham Court's analysis.

> This argument [applying the discovery rule] is not without appeal, but we ultimately find it unconvincing. The term "accrue" does not on its face compel an understanding consistent with the discovery rule. If anything, the term suggests that the limitations, begins to run as soon as the plaintiff acquires the right to sue, regardless of the plaintiff's knowledge of that right. See Webster's Third New International Dictionary 13 (1966) (defining accrue as "to come into existence as a forcible claim; vest as a rite"). This conclusion holds true even when the term is red in juxt position to the use of "arose" in the criminal limitations provision, as the term "arose" is itself ambiguous. Cf. TRW, 534 U.S. at 32 (interpreting "arises" in a statute of limitations and finding that the dictionary definition of the term could be read to support either an injury rule or a discovery rule).

Urbont at 283.

Judge Buchwald's conclusion and her adherence to Judge Kaplan's analysis in Auscape is understandable. Judge Kaplan carefully analyzed (i) the case law, (ii) the text of the copyright act, (iii) the legislative history of Section 507(b), (iv) and other considerations.

> (i) In terms of case law, Judge Kaplan pointed out that the panel of judges in Merchant v. Levy itself made clear that like Stone, it was not resolving the issue of copyright infringement claim accrual. Auscape at 243. Also, after TRW, it is uncertain whether Stone v. Williams and Merchant v. Levy remain good law even in the co-ownership context, as both were applying the discovery rule that was in practice at the time, but then rejected by the Supreme Court in TRW. Auscape, at 244.

4

(ii) The text of Section 507(b) of the copyright act is not illuminating, and Judge Kaplan went on to examine the legislative history.

(iii) The legislative history makes clear that Congress' intent was to have a uniform three year statute of limitations rather than the reliance of the states' statute of limitations which varied from one to eight years depending on the state in which the action was brought. Not only did Congress agree that three years is the appropriate period for a uniform statute of limitations, but reference to the House Judiciary Committee and the Senate Reports show that Congress believed that the discovery of the injury would likely occur within the three year statute of limitations period in most, albeit not all, cases. Therefore, to now conclude that the word accrued means when the plaintiff discovers or is reasonably likely to discover the injury goes against the intent of Congress. Moreover, the states' various statute of limitations previously relied on, generally ran from the date of the infringement, not from the date of discovery. As such, it is counter-productive to create a three year statute of limitations with the intent of uniformity, only to change the basis from when the three year period commences to a hard to establish and varying date of discovery, rather than from the date the injury occurs. "In short, the legislative history of Section 507(b) makes it strikingly clear that Congress intended to adopt a 3-year limitations period running from the date of the infringement, as a discovery rule would have defeated its overriding goal of certainty." Auscape at 247.

5

The word "accrued" is not unique to the Copyright Act and, in fact, more recently than McMahon, the Supreme Court struggled to interpret the word. In United States v. Kubrik, a case dealing with tort claims against the federal government the Court had difficulty with deciding when a limitations period accrues, i.e. begins to run. The Court stated "the word 'accrues' has created problems that need legislative attention." United States v. Kubrik, 444 U.S. 11, 129 n. 5 (1979) (Stevens dissenting). Most recently, in a case by the S.E.C. based on fraud the Second Circuit held that the discovery rule "does not govern the accrual of most claims because most claims do not involve conduct that is inherently self concealing." S.E.C. v. Gabelli, 653 F. 3d 49 (2d Cir. 2011). The Second Circuit applied the discovery rule, because the case sounded in fraud. The Supreme Court granted *certiorari*, holding that the injury rule should apply.

> As we held long ago the cases in which "a statute of limitation may be suspended by causes not mentioned in the statute itself…are very limited in character, and are to be admitted with great caution; otherwise the court would make the law instead of administering it." Amy v. Watertown (No. 2), 130 U.S. 320, 324, 9 S. Ct. 537, 32 L. Ed. 953 (1889) (internal quotation marks omitted). Given the lack of textual, historical, or equitable reasons to graph a discovery rule onto the statute of limitations of Section 2462, we decline to do so.

Gabelli v. S.E.C., ___U.S. ___,133 S. Ct. 1216 (2013). This unusually broad language by the Court should put to rest any doubt that Graham and Psihoyos raised as to the impact of TRW to copyright infringement cases and the holding in Auscape.

### B. Under The Discovery Rule, Plaintiff's Cause of Action Is Still Time Barred

Plaintiff attempts to hide behind actions that it took in its home country as a means to avoid the requirement under the discovery rule that the Plaintiff is charged with knowledge of the alleged infringement when it has or with reasonable diligence should have discovered the critical facts underlining the infringement claims. Rosner v. Codata ,

6

917 F. Supp 1009, 1019 (S.D.N.Y. 1996). On the one hand, Plaintiff claims that it had no reason to know of the alleged infringement in the United States and that on the other hand, when it learned of likely infringement activities by its business partners it took appropriate action in India. Pl.'s Br. 9. That raises the question of whether actions taken outside the United States, the place where the claim is being made, can be seen as equivalent to the actions in <u>Gaiman v. McFarlane</u>, 360 F. 3d 644, 654 (7th Cir. 2004) and <u>Lotus v. Borland</u>, 831 F. Supp. 202(d. Mass 1993) cited by the Plaintiff. In essence, Plaintiff attempts to both gain the benefits of the cause of action in this district, but hide behind its activities in its home country. What puts a lie to this posture is that fact that the Plaintiff had numerous reasons to investigate the voting machine and voting software markets in the United States since it alleges, "The WITS Group was responsible for identifying and negotiating the potential buyers of the voting system in the U.S." Complaint ¶ 18, "On or about May 2005, Plaintiff entered into an agreement with WITS India for the development of a functional voting machine prototype for the U.S. market that complied with U.S. voting regulations (WITS India Agreement)." Complaint ¶ 19. Perhaps the most important fact is that the Plaintiff delivered functional prototype machines containing its software to the WITS Group in New Jersey. Complaint ¶ 22, and notwithstanding the fact that WITS India failed to pay for the design and development of the software, Complaint ¶ 22, "Plaintiff delivered these prototypes in New Jersey." Complaint ¶ 23. And, Plaintiff further alleges that it developed a Windows based voting software for the U.S. market that complied with U.S. voting regulations. Complaint ¶ 25.

Yet, when it grew suspicious about its business partners Analogic and WITS India, Compliant ¶ 34, and it had a falling out with those entities, Complaint ¶ 33, it only took action in India. In short, Plaintiff alleges that it developed software for the U.S.

7

market, entered into business agreements with companies to produce machines for the U.S. market, and yet when it discovered likely infringing and conflicting conduct by its business partners, it did not consider such actions may have an effect in the intended U.S. market. Clearly, this is more than mere storm clouds as discussed in Graham, nor is it an attempt to allege that Plaintiff needed to discover infringements before they allegedly happened, (Graham) nor is it the discussed and rejected obligation to search the internet to find infringements referenced in Mackie v. Hipple, 96 U.S.P.Q. 2d 1932, 1933 (WD Wash 2010). Rather, from the issues with its business partners, the intention to enter the U.S. market, the 2007 online article by Bright Software, the 2006 copyright registration by Bright in the name of Precise Voting, LLC, Plaintiff should be charged with knowledge as of 2007. This is the very essence of diligence that the Rosner Court discussed and requires the dismissal of the Plaintiff's complaint.

### C. Laches

The same set of facts discussed in the previous section provides the Court with a clear case of laches in that Plaintiff took a blind eye to whatever may be happening in the United States in terms of its copyright, notwithstanding the fact that it was clear that the United States was the principal target for its product, and the fact that it shipped goods to this country. Plaintiff cavalierly dismisses a $45,000.00 investment, as not being substantial, comparing it to the billion dollar investment of a major Hollywood movie entity over a forty year period, Danjaq, LLC v. Sony Corp., 263 F. 3d 942 (9th Cir. 2001). Pl.'s Br. 20. For a small entity like Defendants, this is a considerable sum and, moreover, they have spent hundreds of thousands of dollars in development and marketing costs prior to the institution of this litigation.

8

## CONCLUSION

For the foregoing reasons and those set out in Defendants' opening papers, Defendants respectfully request that this Court dismiss the complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: January 13, 2014
       Garden City, New York

                        Respectfully Submitted,

                        _____
                        Barry M. Krivisky
                        LAW OFFICE OF BARRY M. KRIVISKY
                        400 Garden City Plaza, Suite 300
                        Garden City, New York 11530
                        Telephone:   (516) 913-4653
                        Facsimile:    (516) 742-4366

                        *Counsel for Defendants Precise Voting, LLC, Precise Voting, LLC, Votrite, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT has been served on January 13, 2014 on counsel for Plaintiffs by the following agreed upon method: via email

Padma Chinta
Cittone & Chinta, LLP
11 Broadway, Suite 615
New York, New York 10004
pchinta@cittoneandcinta.com

Adam Finkel
Sabharwal & Finkel, LLC
350 5th Ave., 59th Floor
New York, New York 10108
adam@sabharwalandfinkel.com

Barry M. Krivisky