UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAEL TECHNOLOGIES (PVT.) LTD.,

                                                                         MEMORANDUM AND ORDER

                       Plaintiff,                      CV 13-1470

       -against-                              (Wexler, J.)

PRECISE VOTING, LLC.,
PRECISE VOTING, LLC.,
VOTRITE, LLC.,

                     Defendants.

----------------------------------------------------------X

APPEARANCES:

    SABHARWAL & FINKEL, LLC
    BY:   ADAM D. FINKEL, ESQ.
    Attorneys for Plaintiff
    350 Fifth Avenue, 59th Floor
    New York, New York 10118

    CITTONE & CHINTA LLP
    BY:   HENRY JOSEPH CITTONE, ESQ.
            PADMAJA CHINTA, ESQ.
    Attorneys for Plaintiff
    11 Broadway, Suite 615
    New York, New York 10004

    BARRY M. KRIVISKY, ESQ.
    BY:   BARRY M. KRIVISKY, ESQ.
    Attorneys for Defendants
    400 Garden City Plaza
    Garden City, New York 11530

WEXLER, District Judge:

    Before the Court is the Defendants' motion to dismiss Plaintiff's Complaint, pursuant to

Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's copyright infringement claim is time-barred. Plaintiff opposes the motion. For the following reasons, Defendants' motion is granted in part and denied in part.

BACKGROUND

Plaintiff, Cael Technologies ("Cael"), is an Indian corporation that specializes in providing customized software applications, software product development and other software products and services. (Compl. ¶ 1.) Defendants Precise Voting, a New York limited liability company ("Precise New York"), and Precise Voting, a Delaware limited liability company ("Precise Delaware"), are in the business of manufacturing and marketing electronic voting machines and services in the United States. (Compl. ¶¶ 3-6.) Defendant VotRite is a wholly owned subsidiary of Precise Voting and is a provider of electronic voting machines and services, including rentals, in the United States. (Compl. ¶ 9.)

In early 2005, Plaintiff was approached by an Indian company, SSW Information Technology Services Private Limited ("WITS India"), to develop an electronic voting machine system to be marketed worldwide, including in the United States, by the WITS Group Inc. ("WITS Group"). (Compl. ¶¶ 17-18.) In May 2005, Plaintiff entered into an agreement with WITS India for the development of a functional voting machine prototype for the United States market. (Compl. ¶ 19.) The Advanced Electronic Voting System ("AEVS") prototype was to be made solely for marketing and demonstration purposes and not for sale. (Compl. ¶ 20.) Plaintiff referred to the new voting system as "VotRite." (Compl. ¶ 21.)

Around the same time, Plaintiff entered into an agreement with another Indian company,

Analogic Technomatics Private Limited ("Analogic"), who was to provide the hardware box for the AEVS prototype exclusively for Plaintiff and based solely on Plaintiff's specifications. (Compl. ¶ 21.) On or about June 28, 2005, Plaintiff delivered the functional AEVS prototype to the WITS Group in New Jersey. (Compl. ¶ 22.) Plaintiff subsequently delivered four more functional AEVS prototypes to the WITS Group in New Jersey between late 2005 and August 2006, pursuant to purchase orders placed by the WITS Group. (Compl. ¶ 23.)

In 2008, Plaintiff registered its copyright in the software and source code for the AEVS prototype in India and was issued Certificate of Registration No. SW-3861/2008 entitled "Cael Voting Systems Software." (Compl. ¶ 28.) Plaintiff is the sole owner of this copyright. (Compl. ¶ 30.)

In or about September 2006, Plaintiff entered into another agreement with Analogic for the manufacture of a close-to-production AEVS prototype, again using software exclusively developed for Plaintiff and based solely on Plaintiff's specifications. (Compl. ¶ 31.) Plaintiff incorporated the copyrighted Cael Voting Systems Software into the AEVS prototype provided by Analogic and gave it to Analogic for completion of the hardware. (Compl. ¶ 32.) Analogic, however, failed to deliver the close-to-production AEVS prototype to Plaintiff. (Compl. ¶ 32.)

In or about early 2007, Plaintiff grew suspicious of Analogic and WITS India and cautioned WITS India against using or reengineering its copyrighted Cael Voting Systems Software through Analogic or anyone else. (Compl. ¶ 34.) In July 2007, Plaintiff commenced arbitration proceedings against Analogic in India for breach of its 2006 agreement and to prevent Analogic from exploiting Plaintiff's copyrighted software. (Compl. ¶ 35.) During these proceedings, an interim injunction was issued against Analogic and material evidence was seized

from Analogic, including hard drives. (Compl. ¶ 35.)

In or about August 2012, Plaintiff received the confidential report of the Andrha Pradesh Forensic Science Laboratories from the arbitrator. (Compl. ¶ 36.) The report concluded that the hard drives seized from Analogic contained Plaintiff's copyrighted Cael Voting Systems Software. (Compl. ¶ 36.)

In late 2012, Plaintiff began investigating the United States voting machines market. (Compl. ¶ 37.) During this investigation, Plaintiff discovered that Defendants were marketing an electronic voting system very similar to Plaintiff's Voting Systems Software. (Compl. ¶ 37.) Defendants' voting machines include the same major features as Plaintiff's copyrighted Voting Systems Software, use the same acronym as that of Plaintiff's proposed prototype - "AEVS" - and Defendants formed a susbsidiary using the same name intended to be used by Plaintiff for its voting system - "VotRite." (Compl. ¶¶ 39-41.)

Plaintiff alleges that Defendant Precise Voting gained access to Plaintiff's copyrighted Voting Systems Software through Analogic or the WITS Group. (Compl. ¶ 38.) Plaintiff bases this belief on a 2007 online article in which Precise Voting states that through an entity known as Bright Software Development, Inc., it decompiled a source code that was originally developed by an Indian programmer who "disappeared" mid-project, for use in its electronic voting machines. (Compl. ¶ 38 and Ex. B, annexed thereto.) According to Plaintiff, Defendants copied, decompiled and modified Plaintiff's copyrighted Voting Systems Software and registered it with the United States Copyright Office in 2006 as its own software with the title "Voting Machine Software." (Compl. ¶ 42; Kapsis Aff. ¶ 6.)

Plaintiff commenced this action on March 20, 2013, alleging copyright infringement.

Defendants now move to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's copyright infringement claim is time-barred.[1]

DISCUSSION

I.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949-50 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal,129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]'

---

[1] Defendants also move to dismiss for laches. However, by Order dated September 17, 2013, the Court directed Defendants to move to dismiss based solely upon statute of limitations grounds. Accordingly, the Court will not consider the laches arguments presented by Defendants. Defendants are free to renew their laches argument, however, on a motion for summary judgment.

devoid of 'further factual enhancement'" will not suffice. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 555 U.S. at 557). Rather, only a complaint that "states a plausible claim for relief" will survive a motion to dismiss. Iqbal, 129 S. Ct. at 1950.

II.     Statute of Limitations

Pursuant to the United States Copyright Act, civil actions must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). There is a split among the circuits as to when a claim for copyright infringement accrues. Under the "injury rule," a copyright infringement claim accrues "at the time of each act of infringement, regardless of the copyright holder's knowledge of the infringement." Urbont v. Sony Music Entmt., 863 F. Supp. 2d 279, 281 (S.D.N.Y. 2012). Conversely, under the "discovery rule," a claim for copyright infringement "does not accrue until the aggrieved party knows or has reason to know of the injury that forms the basis of the claim." Id.

"Neither the Supreme Court nor the Second Circuit has ruled on the appropriate accrual rule for federal copyright infringement claims." Id. at 282. Prior to the Supreme Court's decision in TRW v. Andrews, 534 U.S. 19 (2001), courts in this Circuit routinely applied the discovery rule to copyright infringement claims. See Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co., No. 09 CV 2669, 2013 U.S. Dist. LEXIS 118870, at *13 (S.D.N.Y. Aug. 21, 2013). Indeed, the Second Circuit has applied the discovery rule on multiple occasions; however, each case in which it did so involved a dispute over copyright ownership, not copyright infringement. See, e.g., Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996); Stone v. Williams, 970 F.2d 1043, 1048-49 (2d Cir. 1992). The Supreme Court's decision in TRW "prompted courts in

this Circuit to reexamine whether Stone and Merchant continue to govern the issue of when a copyright infringement claim accrues." Muench Photography, 2013 U.S. Dist. LEXIS 118870, at *13-14.

In Auscape International v. National Geographic Society, 409 F. Supp. 2d 235 (S.D.N.Y. 2004), in contrast to the then-prevailing view in the Circuit, Judge Kaplan held that "a claim for copyright infringement accrues on the date of the infringement," thereby adopting the injury rule. Id. at 247. Judge Kaplan based his holding on both the Supreme Court's decision in TRW, which he found counseled against application of the discovery rule except in limited circumstances, and the legislative history of the Copyright Act. See Auscape, 409 F. Supp. 2d at 242-47.

Following Auscape, "the prevailing trend among the courts in this Circuit has been to reject application of the discovery rule in favor of the injury rule." Muench Photography, 2013 U.S. Dist. LEXIS 118870, at *14 (collecting cases). While most of the cases to confront this issue have been in the Southern District of New York, at least one court here in the Eastern District has followed Auscape's lead and applied the injury rule as well. See CA, Inc. v. Rocket Software, Inc., 579 F. Supp. 2d 355, 360 (E.D.N.Y. 2008) ("The courts in this Circuit have widely held that a claim for infringement accrues on the date of the alleged infringement rather than on the date infringement is discovered by the plaintiff, and the Court adopts that view.").

Accordingly, this Court will follow "the majority approach within this jurisdiction," Urbont, 863 F. Supp. 2d at 282, and apply the injury rule to Plaintiff's copyright infringement claim. Thus, Plaintiff's claim of copyright infringement based on acts prior to March 20, 2010 - three years prior to the filing of the Complaint - is time-barred. Plaintiff's Complaint may

proceed, however, to the extent it alleges a claim for copyright infringement based on alleged acts by Defendants subsequent to March 20, 2010.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted to the extent that the Court applies the "injury rule" in determining when Plaintiff's copyright infringement claim accrues. In doing so, any claim of copyright infringement based on acts allegedly taken by Defendants prior to March 20, 2010 is time-barred and hereby dismissed. To the extent that the Complaint alleges a claim for copyright infringement based on alleged acts by Defendants subsequent to March 20, 2010, it may proceed. In all other respects, Defendants' motion is denied.

**SO ORDERED:**

Dated: Central Islip, New York
February 12, 2014

/s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge